DEARWESTER, APPELLEE, *v.* LAGOS ET AL., APPELLANTS

(No. 8-85-6—Decided July 17, 1986.)

*Calvin D. Dearwester, Jr., pro se.*
*Thomas H. Lagos,* for appellants.

Cox, J. This is a properly perfected appeal from the Municipal Court of Bellefontaine, Ohio, wherein the court

found for the plaintiff on a small claim and ordered the refund of a security deposit in the amount of $500.

Briefly, the facts are that the plaintiff-appellee, Calvin D. Dearwester, Jr., contacted the defendants-appellants, Tina Lagos and Lillian Lagos, to inspect one of their apartments. The appellants' agent showed the apartment. Dearwester agreed to rent the apartment and paid a $250 deposit toward the rent. Appellants' agent gave Dearwester a receipt which reads:

"Received $250.00 Deposit on Rental of Apt. #1. First Month's Rent due 11/1/84 of $250.00. Credit will be applied to first Month's Rental for painting & cleaning carpets, in the amount of $70.00. Landlord to furnish paint.

"For Landlord
N.C. Sterzenbach

For Tenant
Calvin D. Dearwester, Jr."

Dearwester was given the key to the apartment. Sometime prior to November 1, 1984, Dearwester called appellants and requested the return of his security deposit. Shortly thereafter he sent a certified letter to the appellants demanding a return of the security deposit. Appellants refused to refund the security deposit.

The assignments of error read:

"The court erred in finding that the security deposit was wrongfully withheld in that the landlord was entitled to the deposit as damages for the tenant's breach of contract.

"The court erred in applying Ohio Revised Code 5321.16(C) which states that if a landlord fails to comply with Division (B) of the Ohio Revised Code 5321.16, the tenant recover damages in an amount equal to the amount wrongfully withheld."

We find these assignments of error to be without merit. There is nothing in the record to demonstrate when, in fact, this unit was rented. Further, the record clearly establishes that sometime prior to November 1 (when the agreement was to take effect), the appellee notified the appellants that he would not be renting the apartment.

R.C. 5321.16 reads in pertinent part:

"* * *

"(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of *past due* rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. * * *

"(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorney fees." (Emphasis added.)

The obligations of the tenant, pursuant to R.C. 5321.05, are inapplicable as those provisions are only applicable *after* the tenant has taken possession and moved into the property.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

GUERNSEY, P.J., and COLE, J., concur in judgment.

COX, J., of the Seventh Appellate District, sitting by assignment in the Third Appellate District.