SLADOJE, APPELLANT, *v.*
SLETTEBAK, APPELLEE.

(No. 88AP-394—Decided August 30, 1988.)

*Mark Sladoje, Jr.,* and *Dwight A. Teegardin,* for appellant.

*Carlile, Patchen, Murphy & Allison* and *Michael H. Igoe,* for appellee.

BOWMAN, J.   This is an appeal from a judgment of the Franklin County Municipal Court awarding attorney fees for defending a motion to reconsider and/or a motion for a new trial.

In April 1987, appellant, Elizabeth Jill Sladoje, filed a complaint alleging that she paid appellee, Andy Slettebak, $400 as a security deposit for an apartment. Appellant further alleged that the lease was subject to the inspection and approval of her father, that he determined the apartment was not fit for habitation and refused to approve the lease. Appellant notified appellee that she would not be renting the apartment and demanded return of her deposit and damages pursuant to R.C. 5321.16. The trial court found, in a judgment entry dated November 9, 1987, that $400 was paid as a month's advance rent and was not a security deposit and appellant was not entitled to its return. No appeal was taken from this decision.

On November 20, 1987, appellant filed a motion to reconsider, or, in the alternative, a motion for new trial citing *Dearwester* v. *Lagos* (1986), 33 Ohio App. 3d 199, 514 N.E. 2d 1136. After a hearing on the motion, the trial court found the motion for new trial was not timely filed, that the filing of the motion was frivolous conduct as defined in R.C. 2323.51 and awarded attorney fees, pursuant to Civ. R. 37(A)(4), in the amount of $150. Appellant sets forth the following assignments of error:

"1.   The trial court erred and abused its discretion in awarding attorney fees where the motion for a new trial was timely filed and the authority presented pertained directly to the issue.

"2.   The trial court erred and abused its discretion in awarding attorney fees not authorized by statute

or the rules of civil procedure where the defendant filed no memorandum nor offered proof of the services rendered."

Appellant's assignments of error are related and will be considered together.

Ohio has long followed the American Rule that an award of attorney fees to the prevailing party is not included as an award of costs in the absence of statutory authorization, or a finding that the party against whom the fees are taxed acted in bad faith. *State, ex. rel. Kabatek,* v. *Stackhouse* (1983), 6 Ohio St. 3d 55, 6 OBR 73, 451 N.E. 2d 248; *Raack* v. *Bohinc* (1983), 17 Ohio App. 3d 15, 17 OBR 67, 477 N.E. 2d 1155.

In this instance, there was no basis in the statutes or Civil Rules for awarding attorney fees and no evidence to support a finding that appellant acted in bad faith.

Appellant's motion for a new trial was filed November 20, 1987, well within the fourteen-day time limit set forth in Civ. R. 59(B). Thus, the court erred in finding the motion was not filed within rule.

The court further found that the motion was "frivolous," as defined in R.C. 2323.51, and awarded attorney fees pursuant to Civ. R. 37(A)(4). Neither the statute, R.C. 2323.51, nor the rule, Civ. R. 37(A)(4), is applicable here.

"Frivolous conduct" is defined in R.C. 2323.51(A)(2) as follows:

" 'Frivolous conduct' means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:

"(a) It obviously serves merely to harass or maliciously injure another party to the civil action;

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."

Here, there was no evidence that the motion for new trial was filed for the purpose of harassing or maliciously injuring appellee. While appellant could have appealed the judgment rendered November 9, 1987, we cannot say, in the absence of any evidence, that filing a motion for new trial instead was done for the purpose of harassing or injuring the opposing party.

Appellant's motion for a new trial relied on *Dearwester, supra,* which held, at the syllabus:

"In the absence of a contract provision to the contrary, a prospective tenant may cancel his new lease prior to its effective date and receive his security deposit, as well as damages equal to the security deposit ('the amount wrongfully withheld'), for the landlord's failure to timely return the security deposit upon demand. (R.C. 5321.16[B] and [C], applied.)"

Even though the trial court found appellant's payment was for rent and was not a security deposit, a good faith argument could be made that *Dearwester* should be extended to apply also to advance payments of rent so as to entitle appellant to return of the rent she paid.[1] Hence, there was no basis for the court's finding that appellant's filing of a motion for a new trial was frivolous conduct.

The court awarded attorney fees pursuant to Civ. R. 37(A)(4). However, this rule allows the payment of attorney fees to the party who prevails on a motion to compel discovery and has no

---

[1] Appellant has not appealed the trial court's decision overruling the motion for a new trial, and we make no decision as to whether *Dearwester* would be applicable where money paid is characterized as rent rather than a security deposit.

application to a motion made after judgment has been rendered.

Appellee also contends an award of attorney fees is proper under Civ. R. 11, and relies on *Leinweber* v. *Cox* (Jan. 14, 1983), Geauga App. No. 1031, unreported. However, in *Leinweber,* the court found that there was sufficient evidence for the trial court to conclude the defendant, who was also an attorney, had acted in bad faith by presenting a defense which had no basis or legal foundation. As discussed above, there is no evidence in this case that the filing of the motion for a new trial was an action in bad faith.

For these reasons, appellant's assignments of error are sustained and the judgment of the trial court is reversed.

*Judgment reversed.*

WHITESIDE, P.J., and COOK, J., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.