**COX, Appellant,**

v.

**PARISH, Appellee.**

[Cite as *Cox v. Parish* (1990), 66 Ohio App.3d 138.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56547.

Decided Feb. 12, 1990.

*Allen & Hodgman* and *Bruce C. Allen,* for appellant.
*John P. Kellogg,* for appellee.

KRUPANSKY, Presiding Judge.

Plaintiff, Pearl Cox, filed a complaint against defendant, Michael P. Parish, in the Cleveland Municipal Court, case No. CV 29970, alleging defendant wrongfully withheld plaintiff's security deposit. The matter was referred to a referee. The referee's report recommended judgment against plaintiff, and

for defendant on his counterclaim of $24.20. Plaintiff filed her objections to the referee's report. The trial court sustained plaintiff's objections and entered judgment in her favor for $305. The court denied attorney fees. Plaintiff filed a Civ.R. 59 motion to amend the judgment to provide for double damages and attorney fees. The trial court denied the motion on September 19, 1988. Plaintiff filed a notice of appeal appealing both judgments.[1] This court *sua sponte* dismissed the appeal for failure to file a timely notice. Plaintiff filed a motion for reconsideration claiming the time period for filing an appeal was tolled by the Civ.R. 59 motion for new trial. This court granted plaintiff's motion.

The relevant facts follow:

Defendant is the owner of rental property, to wit: a two-family house located in the city of Cleveland. Defendant, attempting to rent the downstairs apartment, arranged for plaintiff to view the premises on May 2, 1987. Defendant informed plaintiff she would have to give him $295 for a security deposit and $295 for advance rent or a total amount of $590. Plaintiff gave defendant $100 and a postdated check in the amount of $195. On May 7, 1987, plaintiff gave defendant $195 to replace the check. Plaintiff promised to pay the balance due of $295 by May 15, 1987 at which time defendant would provide the keys to the apartment. On May 15, 1987, plaintiff gave defendant $10 and promised to have the balance of $285 the following day. On May 16, 18 and 19, the defendant contacted plaintiff; each time defendant was told plaintiff would have the money on the following day. Defendant informed plaintiff he was using the money already paid as payment for May's rent. Defendant rented the apartment to another party beginning in June. Plaintiff never took possession of the apartment. Defendant kept the $305 plaintiff had given him.

The trial court held as a matter of law that no landlord-tenant relationship existed because plaintiff never had possession of the premises. Therefore, the court held the Landlord–Tenant Act did not apply and the plaintiff was not entitled to double damages or attorney fees pursuant to R.C. 5321.16. The trial court granted judgment for the plaintiff in the amount of $305.

Plaintiff's sole assignment of error follows:

"Having rendered judgment for plaintiff in the amount of the security deposit wrongfully withheld, the trial court erred in failing to award plaintiff double damages and attorney fees pursuant to R.C. 5321.16(C)."

Plaintiff's sole assignment of error lacks merit.

---

1. Defendant-appellee filed no cross-appeal.

Plaintiff contends that she is entitled to double damages and attorney fees pursuant to R.C. 5321.16(C) due to defendant's wrongful withholding of her security deposit. Plaintiff argues that a landlord-tenant relationship did exist even though it was contingent on future events. Finally, plaintiff argues because R.C. 5321.16 applies, the payment of attorney fees and double damages is mandatory. Plaintiff's arguments are unpersuasive.

R.C. 5321.16(B) and (C) provide as follows:

"(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.

"(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees."

However, the trial court determined R.C. 5321.16 is not applicable until a landlord-tenant relationship had been formed. Plaintiff cites to *Dearwester v. Lagos* (1986), 33 Ohio App.3d 199, 514 N.E.2d 1136, as holding R.C. 5321.16 is applicable even before the tenant had possession. In that case the Court of Appeals for Logan County held a tenant who canceled his lease prior to its effective date is protected by R.C. 5321.16. That case is easily distinguishable, however, since the tenant had fully complied with his duties, *viz.*, a full deposit pursuant to the terms of the contract was paid on the apartment and the keys to the apartment were delivered to the tenant. Clearly, in *Dearwester, supra,* the parties had cemented the relationship. In the case *sub judice,* plaintiff never completed her part of the agreement. She never paid defendant a full deposit plus one month's rent. Defendant never turned over possession of the keys to plaintiff. Therefore, no landlord-tenant relationship was created. Plaintiff, in her brief, even states, "In the absence of a meeting of the minds, there can be no binding agreement." *Noroski v. Fallet* (1982), 2 Ohio St.3d 77, 80, 2 OBR 632, 634, 442 N.E.2d 1302, 1304.

Additionally, R.C. 5321.16(B) requires the tenant to "deliver possession" of the premises to the landlord upon termination of the lease. Clearly, to deliver possession implies the tenant must already have possession. Finally, the trial court quoted 1 Restatement of Property 2d, Landlord and Tenant (1977), Section 1.2 (landlord-tenant relationships), which states as follows:

"A landlord-tenant relationship exists only if the landlord transfers the right to possession of the leased property."

The trial court found that since the landlord had not transferred the "right to possession" no landlord-tenant relationship was created. Since no landlord-tenant relationship was formed, R.C. 5321.16 does not apply. Therefore, the trial court did not err in refusing to award plaintiff double damages and attorney fees pursuant to R.C. 5321.16(C).

Accordingly, plaintiff's sole assignment of error is not well taken and overruled.

*Judgment affirmed.*

DAVID T. MATIA and ANN MCMANAMON, JJ., concur.