KIMMIE et al., Appellants,

v.

TILLIMON, Appellee.

[Cite as *Kimmie v. Tillimon* (1990), 66 Ohio App.3d 478.]

Court of Appeals of Ohio,
Lucas County.

No. L-89-191.

Decided March 16, 1990.

*Kathleen W. Kolodgy*, for appellants.
*Duane J. Tillimon, pro se.*

*Per Curiam.*

This matter is before the court on appeal from a judgment of the Toledo Municipal Court.

Plaintiffs-appellants, Julius and Michele Kimmie, met defendant-appellee, Duane J. Tillimon, on April 26, 1988 to inspect rental property owned by appellee. Following the inspection, appellants expressed an interest in renting the property. Appellee requested that appellants complete a "Rental Credit Application" and provide him with a deposit of $750. Appellants completed the application and gave appellee $750. The receipt provided to appellants by appellee described the $750 as a "security deposit."

On May 3, 1988, appellants informed appellee that they did not wish to lease the property and requested the return of their $750. Appellee failed to return the $750 whereupon appellants instituted the instant action.

In a complaint filed January 31, 1989, appellants alleged that appellee's refusal to return their deposit was a violation of R.C. 5321.16. Pursuant to R.C. 5321.16(C), appellants sought the return of their $750 deposit, $750 in damages and attorney fees.

In a judgment entry dated May 22, 1989, the trial court awarded appellants $750 plus interest and court costs. From this judgment appellants appealed and appellee cross-appealed. On December 20, 1989, this court *sua sponte*

dismissed the cross-appeal finding that it was not timely filed. Accordingly, all that remains for determination is the direct appeal.

On appeal, appellants have assigned the following as error:

"The court erred in refusing to award appellants damages and reasonable attorney fees."

Appellants' argument is centered on the application of R.C. 5321.16(B) and (C). These sections provide:

"(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.

"(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorney fees."

In essence, appellants argue that the "Rental Credit Application" provided appellee with a "forwarding address" and, therefore, he was required to return the $750 "security deposit." Appellants assert that appellee's failure to return the deposit entitles them to an award of damages and attorney fees pursuant to R.C. 5321.16(C).

After examining the record, we have determined that R.C. 5321.16 is inapplicable to the case *sub judice*. We find that the $750 given to appellee at the time appellants completed the "Rental Credit Application" was not a "security deposit" pursuant to R.C. Chapter 5321.

The receipt given to appellants by appellee describes the $750 as a "security deposit"; however, R.C. 5321.01 states, in relevant part:

"As used in Chapter 5321. of the Revised Code:

" * * *

"(E) 'Security deposit' means any deposit of money or property to secure performance by the tenant *under a rental agreement.*" (Emphasis added.)

The "Rental Credit Application" completed by appellants, referred to the "deposit" as "consideration of management's holding this property." The parties never entered into a rental agreement nor was the $750 exchanged between the parties in order to secure performance by appellants under such rental agreement. Further, appellants never occupied the property as contemplated in R.C. 5321.16.

Accordingly, we find that the trial court correctly determined that appellants were not entitled to damages and attorney fees pursuant to R.C. 5321.16(C). For the aforestated reasons, we find appellants' sole assignment of error not well taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and judgment of the Toledo Municipal Court is affirmed. It is ordered that appellants pay court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., and GLASSER, J., concur.

Prior to his death, Judge JOHN J. CONNORS, JR. participated in the decision-making process of this case.