28

**GEIS**

v.

**ZYLKA.**

Toledo Municipal Court, Ohio.

No. CVI–94–14578.

Decided March 22, 1995.

*Jeffery B. Johnston,* for plaintiff Sandra K. Geis.

*Paul Zylka, pro se.*

Thomas J. Osowik, Judge.

The court finds that after hearing, the referee made a report of findings of fact and conclusions of law on February 14, 1995. The referee recommended approval of a proposed settlement offered by the defendant.

The court further finds that the plaintiff timely filed an objection to that recommendation, and the basis of that objection is that the plaintiff should be entitled to a full refund of monies deposited with the defendant.

The plaintiff files her objections to the referee's report pursuant to Civ.R. 53(E). That rule, in pertinent part, states as follows:

"(2) Objections to report. Within fourteen days of the filing of the report, a party may serve and file written objections to the referee's report. If objections are timely served and filed by any party, any other party may serve and file objections within ten days of the date on which the first objections were filed, or within the time otherwise prescribed by this rule, whichever period last expires. The objections shall be considered a motion. Objections shall be specific and state with particularity the grounds of objection. Upon consideration of the objections, the court may adopt, reject, or modify the report; hear additional evidence; return the report to the referee with instructions; or hear the matter itself.

"(3) Stipulation as to findings. The effect of a referee's report is the same whether or not the parties have consented to the reference. When the parties stipulate in writing that a referee's findings of fact shall be final, only questions of law arising upon the report shall thereafter be considered.

"(4) Draft report. Before filing the report, a referee may submit a draft of the report to counsel for all parties for the purpose of receiving their suggestions. The referee shall sign any findings or decision and file it together with any exceptions.

"(5) When effective. The report of a referee shall be effective and binding only when approved and entered as a matter of record by the court. The referee's findings of fact must be sufficient for the court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a

judgment order. The court may adopt the referee's recommendations about appropriate conclusions of law and the appropriate resolution of any issues. However, the court shall determine whether there is any error of law or other defect on the face of the referee's report even if no party objects to an error or defect. The court shall enter its own judgment on the issues submitted for action and report by the referee.

"(6) Factual findings. On appeal, a party may not assign as error the court's adoption of a referee's finding of fact unless an objection to that finding is contained in that party's written objections to the referee's report. The court may adopt any finding of fact in the referee's report without further consideration unless the party who objects to that finding supports that objection with a copy of all relevant portions of the transcript from the referee's hearing or an affidavit about evidence submitted to the referee if no transcript is available. In deciding whether to adopt a referee's finding of fact, the court may disregard any evidence that was not submitted to the referee unless the complaining party demonstrates that with reasonable diligence he or she could not have discovered and produced that evidence for the referee's consideration."

■ Thus, pursuant to this rule, the court may adopt, modify, or reject the recommendations of the referee.

In the immediate case before the court, the plaintiff is asking the court to assign error to the referee's recommendations based upon factual errors contained within the referee's report.

At hearing before the court, both the plaintiff and defendant agreed that there were factual errors contained within the report.

The court, after hearing on the plaintiff's objections, finds that the plaintiff and the defendant entered into an oral agreement to lease the premises owned by the defendant.

On October 11, 1994, the plaintiff paid the sum of $240 to the defendant for an apartment to be occupied by the plaintiff no sooner than November 15, 1994.

On October 20, 1994, the plaintiff contacted the defendant and put him on notice that she could not comply with the original agreement and would not be taking possession of the premises. The plaintiff brought suit for return of the monies paid to the defendant.

The defendant maintains that he should be entitled to retain the $240 as a result of his inconvenience, although the facts establish that the defendant found another tenant who obtained possession on November 15, 1994. The defendant presented no evidence of any actual expenses incurred as a result of the termination of the agreement.

■ The defendant contends that R.C. 5321.16 does not apply to this transaction. The court finds that this section does, indeed, not apply to the transaction before the court. As the court stated in *Cox v. Parish* (1990), 66 Ohio App.3d 138, 583 N.E.2d 1039, this code section requires that possession be delivered. *Id.* at 141, 583 N.E.2d at 1041. In the case before the court, possession was never delivered, and a landlord-tenant relationship never came into being that would meet the statutory definition.

However, this finding simply relieves the defendant of the mandatory double damages for failure to return the deposit.

■ It is well settled that an award of money damages in a breach-of-contract action is designed to place the aggrieved party in the same position it would have occupied if the contract had not been violated. See *Schulke Radio Productions, Ltd. v. Midwestern Broadcasting Co.* (1983), 6 Ohio St.3d 436, 439, 6 OBR 480, 482–483, 453 N.E.2d 683, 686–687. It is also well settled that an injured party is under a duty to mitigate its damages and may not recover those damages which it could have reasonably avoided. *S & D Mech. Constrs., Inc. v. Enting Water Conditioning Sys., Inc.* (1991), 71 Ohio App.3d 228, 593 N.E.2d 354.

■ In the case before the court, the defendant found another tenant who took possession on or before the November 15, 1994 date that the plaintiff was to have entered into possession. Thus, the defendant mitigated his damages and suffered no actual damages as a result of the termination of the agreement.

Based upon these findings of fact, the plaintiff is entitled to a full return of her money.

Based upon these findings of fact, the plaintiff's objections are found well taken and granted.

The court therefore vacates the recommendations of the referee.

IT IS THEREFORE ORDERED that judgment be awarded the plaintiff in the amount of $240 plus court costs and interest at the statutory rate of ten percent per annum from the date of judgment herein.

The court further finds that this order is a final determination of all of the issues of all the parties before the court, pursuant to R.C. 2505.02.

Thus, this is a final and appealable order. The clerk shall so journalize this judgment on her records and note the date of such journalization, the date of which shall commence the time for appellate review, and, further, notify all parties of this judgment.

*Judgment for plaintiff.*