OPINION
Appellant Kenneth Dawson appeals a judgment of the Stark County Common Pleas Court awarding appellee $2,115 in attorney fees for frivolous conduct pursuant to R.C. 2323.51:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION IN FINDING THAT PRO S.E. PLAINTIFF/APPELLANT CONDUCT WAS FRIVOLOUS PURSUANT TO ORC 2323.51.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DETERMINING THE REASONABLENESS AND NECESSITY OF THE AWARD.
 III. ORC 2323.51 IS UNCONSTITUTIONAL AND IS CONTRARY TO THE "AMERICAN RULE".
On December 20, 1996, appellant sued appellee for negligence, alienation of affections, and breach of duty. Appellant claimed that appellee acted improperly during her representation of his ex-wife concerning a custody dispute involving their minor son. The Stark County Common Pleas Court dismissed the action by summary judgment. The propriety of the summary judgment is the subject of a separate appeal in Case No. 1997CA00131.[1]
On January 6, 1997, appellee's attorney wrote to appellant to inform him that the complaint was frivolous, not supported by any case law in Ohio, and would be subject to post-judgment sanctions if appellant did not dismiss the case. Appellant refused to dismiss the case. After the court entered summary judgment in favor of appellee, she moved for sanctions, alleging that appellant committed frivolous conduct by filing the complaint against her.
Following hearing in the Stark County Common Pleas Court, the court concluded that the action was not warranted under existing law, and could not be supported by a good-faith argument for an extension, modification, or reversal of existing law. R.C.2323.51(A)(2)(b). The court found that counsel for appellee had reasonably expended 23.5 hours representing appellee, and that the reasonable fee for the services is $90 per hour. The court ordered appellant to pay appellee $2,115.
 I. II.
Appellant argues that the court abused its discretion in finding that he committed frivolous conduct, and in determining the reasonableness and necessity of the award.
The transcript of the proceedings concerning the fee hearing is not a part of the record before this court on appeal. Although appellant filed a praecipe on the Clerk of Courts requesting that she prepare the original papers to be certified to this court, appellant failed to order a transcript of the attorney fees hearing from the court reporter, as required by App.R. 9 (B). In the absence of such transcript, we cannot review the propriety of the court's decision concerning frivolous conduct and reasonableness of fees. When portions of the transcript necessary to resolve issues are not part of the record, the Court of Appeals must presume regularity in the proceedings below and affirm.Knapp vs. Edwards Laboratories (1980), 61 Ohio St.2d 197.
The first and second Assignments of Error are overruled.
 III.
Appellant argues that R.C. 2323.51 is unconstitutional, and contrary to the "American Rule", which requires that each party pay his or her own attorney fees.
Appellant argues that R.C. 2323.51 violates Ohio Constitution Article I, Sections 16, which requires that all courts shall be open. Contrary to appellant's argument, the frivolous conduct statute does not unreasonably restrict the openness of courts. Appellant was given his day in court, and had an opportunity to both submit evidence in support of his underlying claim, and to submit evidence concerning frivolous conduct. R.C. 2323.51 is tailored to deter allegations which are made in bad faith, and does not unreasonably restrict access to the court.
Appellant also argues that the American Rule should dominate, as the rule conflicts with Civ.R. 11 and R.C. 2323.51. However, the American Rule only applies in the absence of statutory authorization. Sladoge vs. Slettebak (1988), 44 Ohio App.3d 206,207. In the instant case, statutory authorization exists to create an exception to the American Rule.
The third Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By: Reader, J., Farmer, P. J. and Hoffman, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997CA00280
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.
[1] Appellant's motion to consolidate the two appeals was overruled by this court on September 12, 1997.