DECISION.
{¶ 1} Can a prospective tenant recover double damages where a landlord refused to return the tenant's security deposit, but the tenant had never actually possessed the premises? In the absence of a lease provision to the contrary, we answer yes.
 {¶ 2} Defendant-appellant James Mitchell appeals the trial court's award of damages under R.C. 5321.16, a part of what is known as the Landlord/Tenant Act. We affirm.
 I. A Dispute over a Security Deposit {¶ 3} Plaintiff-appellee Torey Gladden met Larry Collins while she was looking for a home to rent. Collins represented himself as Mitchell's representative and showed Gladden a home. He claimed that Mitchell owned the home, but Gladden never actually met Mitchell during her rental search. Gladden and Collins agreed that she would rent the home, and Gladden paid Collins a security deposit of $700 in consideration for this agreement.
 {¶ 4} When Gladden returned to pay the rent later that month, she discovered that certain promised repairs had not been made. She was told to take the home "as is," or she would not receive her security deposit.
 {¶ 5} Gladden sued Mitchell, and Collins appeared in court on Mitchell's behalf. Gladden then added Collins to the suit. The trial court referred the matter to a magistrate, who found the facts as we have described them and concluded that Gladden was owed $1400. Mitchell objected, but the trial court adopted the magistrate's recommendation and entered judgment accordingly. Although he was a party to the underlying action, Collins has not filed a notice of appeal, and Mitchell concedes in his brief that the agency relationship between himself and Collins is not a subject of this appeal.
 {¶ 6} In his sole assignment of error, Mitchell now argues that the damages should only have been $700 because there was no landlord-tenant relationship between the parties, making the statutory provision that added another $700 to the damages inapplicable. Mitchell is wrong.
 II. The Definitions are Simple — So is the Result {¶ 7} None of the parties dispute that Mitchell and Collins wrongfully withheld Gladden's $700. This appeal centers solely on the additional $700 damages levied under R.C. 5321.16(C). The only questions are whether Gladden gave Collins a security deposit and whether there was a landlord-tenant relationship. The answer to both questions is yes.
 {¶ 8} Under R.C. 5321.16(C), where a landlord has refused to return a tenant's security deposit at the proper time, the tenant may recover the security deposit, "together with damages in an amount equal to the amount wrongfully withheld * * *."
 {¶ 9} A security deposit is "any deposit of money or property to secure performance by the tenant under a rental agreement."[1] And a rental agreement is "any agreement or lease, written or oral, which establishes or modifies the terms, conditions, rules, or any other provisions concerning the use and occupancy of residential premises by one of the parties."[2]
 {¶ 10} The magistrate specifically found that "[Gladden] paid a deposit to Mr. Collins to rent the above-stated rental home." The trial court adopted the magistrate's decision in its entirety. Therefore, Collins took Gladden's $700 as a security deposit.
 {¶ 11} The answer to whether a landlord-tenant relationship existed is equally as clear. A tenant is a "person entitled under a rental agreement to the use and occupancy of residential premises to the exclusion of others."[3] A landlord is the owner, lessor, or sublessor of residential premises.[4] A landlord can also be an agent who has been authorized by the owner to manage the premises or to receive rent from a tenant.
 {¶ 12} Gladden was entitled to use and occupy the premises under her agreement with Collins. She was a tenant. And Mitchell and Collins were unquestionably her landlords. Simple enough. But Mitchell would have us believe otherwise.
 III. Conflicting Caselaw or Mere Confusion? {¶ 13} Mitchell cites two cases for the proposition that R.C. 5321.16(C) does not apply unless the tenant has actually taken possession of or occupied the premises. But those cases are easily distinguishable.
 {¶ 14} In Kimmie v. Tillimon,[5] the Sixth Appellate District held that a prospective tenant's payment that accompanied a "Rental Credit Application" did not amount to a security deposit. It also stated briefly that R.C. 5321.16 contemplated the occupation of the premises. ButKimmie is distinguishable because it involved a "Rental Credit Application," not a lease. Gladden, unlike Kimmie, had actually submitted a security deposit under an actual agreement to rent the premises.
 {¶ 15} In Cox v. Parish,[6] the Eighth Appellate District held that R.C. 5321.16 did not apply where the prospective tenant had only paid a portion of the security deposit. There, the prospective tenant had repeatedly ignored the landlord's request for the rest of the payment before the landlord rented the apartment to somebody else. But no such situation arose with Gladden — she gave Collins her security deposit in full.
 {¶ 16} Though not cited in the appellate brief (only Mitchell filed a brief), at least two other appellate districts have ruled on similar cases. In Sand v. Prokos,[7] the court relied on Cox in stating that a prospective tenant had to obtain possession of the premises before R.C.5321.16 applied. But Sand was analogous to Cox in that something else had prevented the prospective tenant from satisfying the statutory requirements — namely, Sand had never signed the lease; she was simply one of several people who had planned to move into the premises.
 {¶ 17} And in Turetsky v. Miller,[8] the Twelfth Appellate District held that the same statute did not apply where the parties had not actually executed a lease agreement. While there was no written agreement between Gladden and Collins, they did agree that she would move into the premises, and she gave Collins a security deposit.
 {¶ 18} Further, Sand and Cox both cited Dearwester v. Lagos,[9]
which specifically stated that a tenant did not have to occupy the premises for R.C. 5321.16 to apply. "In the absence of a contract provision to the contrary, a prospective tenant may cancel his new lease prior to its effective date and receive his security deposit, as well as damages equal to the security deposit (`the amount wrongfully withheld'), for the landlord's failure to timely return the security deposit upon demand."[10] Kimmie, Cox, Sand, and Turetsky do not apply in this case.
 {¶ 19} Gladden did not have to occupy the premises in order to recover her security deposit plus the amount wrongfully withheld (the disputed $700). Mitchell and Collins were her landlords, and they had a duty to return Gladden's deposit. They improperly retained Gladden's security deposit and therefore were responsible for double damages. The magistrate and the trial court got it right.
 {¶ 20} We overrule Mitchell's sole assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Hildebrandt, P.J., and Gorman, J., concur.
[1] R.C. 5321.01(E).
[2] R.C. 5321.01(D).
[3] R.C. 5321.01(A).
[4] R.C. 5321.01(B).
[5] (1990), 66 Ohio App.3d 478, 585 N.E.2d 559.
[6] (1990), 66 Ohio App.3d 138, 583 N.E.2d 1039.
[7] (Mar. 27, 1996), 4th Dist. No. 95CA1664.
[8] (Aug. 19, 1996), 12th Dist. No. CA96-03-005.
[9] (1986), 33 Ohio App.3d 199, 514 N.E.2d 1136.
[10] Id. at syllabus; see, also, Simone v. Hill `n Dale Homes (Dec. 29, 1989), 7th Dist. No. 89-B-9.