KONICEK ET AL., APPELLANTS, v.
CITY OF ELYRIA ET AL., APPELLEES.

(No. 4142—Decided
March 25, 1987.)

UAW Legal Services, Charles L.
Patton, Jr. and Timothy S. Carroll, for
appellants.

Terry S. Shilling, city solicitor, for
appellees.

GEORGE, J. Plaintiffs-appellants,
Gordon and Diane Konicek, appeal the
dismissal of their replevin action by the
Elyria Municipal Court.

On January 5, 1985, several mem-
bers of the Elyria Police Department
stopped appellant Gordon Konicek
while he was operating a vehicle owned
by his father, William Konicek. At the
time of the traffic stop, the police of-
ficers observed that the vehicle iden-
tification number tag was only partial-
ly attached to the dash mount. Gordon
Konicek was arrested for driving un-
der the influence of alcohol, and the
vehicle was seized and taken to a city
impound lot.

On January 7, 1985, William Kon-
icek transferred title of the vehicle to
appellant Diane Konicek. After mak-
ing numerous requests to the Elyria
Police Department for the return of
the vehicle, on August 22, 1986, the ap-
pellants, Gordon and Diane Konicek,
filed an action for replevin in the
Elyria Municipal Court against the city
of Elyria and the Elyria Police Depart-
ment. Defendant-appellee city of
Elyria filed a motion to dismiss, which
was denied. The city then filed an "Ap-
plication to Dispose of Property in
Custody of a Law Enforcement Agen-
cy" in the Lorain County Court of
Common Pleas. In addition, the city
filed a second motion to dismiss, in the
municipal court, based on the appli-
cation filed in the court of common
pleas.

Thereafter, the municipal court
dismissed the appellants' action for re-
plevin. Appellants raise one assign-
ment of error. This court reverses.

Assignment of Error

"Whether the trial court erred as a
matter of law in granting appellee's
motion to dismiss, because the subject
matter of the action is the same subject
matter of the later-filed action in the
common pleas court."

It is a well-established general rule
that the court whose power is first in-
voked in a controversy has the exclu-
sive right to adjudicate the matter to
the exclusion of all other courts. Mer-
rill v. Lake (1847), 16 Ohio 373; Park-
ison v. Victor (1957), 105 Ohio App.
200, 6 O.O. 2d 35, 152 N.E. 2d 275;
State, ex. rel. Phillips, v. Polcar (1976),
51 Ohio App. 2d 97, 5 O.O. 3d 247, 367
N.E. 2d 61, affirmed (1977), 50 Ohio
St. 2d 279, 4 O.O. 3d 445, 364 N.E. 2d
33. The appellants properly invoked
the jurisdiction of the municipal court
when they filed their replevin action.

The municipal court had proper
jurisdiction pursuant to R.C. 1901.01
et seq. The parties involved in the re-

plevin action reside within the municipal corporation's limits; the amount in controversy is below the statutory limits; and the replevin action is within the original jurisdiction of the municipal court pursuant to R.C. 1901.18.

There is a time-honored maxim of the common law that a court possessed of jurisdiction generally must exercise it. *Ohio* v. *Wyandotte Chemicals Corp.* (1971), 401 U.S. 493, 496-497, 57 O.O. 2d 351, 353. Despite this principle, the municipal court decided to dismiss the replevin action in favor of the later-filed action in the common pleas court. The basis of the dismissal was stated to be that "* * * [t]he subject matter of this action is the same subject matter of an action filed in common pleas court. * * *" This language indicates that the municipal court somehow lost jurisdiction over the subject matter and that the common pleas court obtained jurisdiction. This is an erroneous notion.

The pendency of a prior action in another court, between the same parties, involving the same subject matter, and seeking the same relief, may be asserted in abatement of the second action. See 1 Ohio Jurisprudence 3d (1977) 541, Actions, Section 133. When this sameness is satisfactorily established, the second suit will be dismissed. *State, ex rel. Miller,* v. *Court of Common Pleas* (1949), 151 Ohio St. 397, 39 O.O. 232, 86 N.E. 2d 464. Conversely, if the second action does not concern the same subject matter, seek the same relief, or involve the same parties as the first action, then the second action must proceed. *State, ex rel. Maxwell,* v. *Schneider* (1921), 103 Ohio St. 492, 134 N.E. 443.

Had the replevin action here been the later-filed action, the municipal court would have erred in granting the motion to dismiss. Although the sub-ject matter of the two actions is the same, the cause of action and the relief sought are not identical. The replevin action filed by appellants Gordon and Diane Konicek against the city of Elyria and its police department is a demand for possession of the vehicle, or, in the alternative, a demand for the reasonable value of the vehicle. In the action before the common pleas court, the city named William Konicek, the father of Gordon Konicek, as defendant. The city requested that the court authorize the clerk of courts to issue title to the vehicle in the name of the Elyria Police Department. During oral argument, the city indicated an amended complaint had been filed, naming the titled owner. However, the relief sought in the two actions is not the same.

There are circumstances where it is proper that the first action filed be abated because of the filing of a later action. This is so where either the second action dealt with a constitutional question, *Hatch* v. *Tipton* (1936), 131 Ohio St. 364, 6 O.O. 68, 2 N.E. 2d 875, or where the second action embraced the subject matter more fully than the first action, *State, ex rel. Keyser,* v. *Babst* (1920), 101 Ohio St. 275, 128 N.E. 140. These circumstances do not exist here.

The municipal court erred in dismissing the replevin action upon appellee's motion. Accordingly, appellants' assignment of error is sustained. This court reverses the municipal court's dismissal and remands the matter for further proceedings in accordance with this decision.

*Judgment reversed and cause remanded.*

BAIRD, P.J., and CACIOPPO, J., concur.