34

(No. 88 CVG 2309—Decided
March 3, 1989.)

Elyria Municipal Court.

*Donald H. Powers,* for plaintiff.
*Kenneth G. Preston,* for defendant.

GEORGE H. FERGUSON, J. This cause came on to be heard upon plaintiff's motion for sanctions for frivolous conduct.

The facts in this case are summarized as follows. Defendant, Donna Mullin, purchased a 59.19-acre horse ranch in Columbia Township for $155,000 with $35,000 down and the balance secured by a $120,000 mortgage to E.S.T. Bank. Defendant provided $30,000 and her brother provided $5,000 for the down-payment. Together they formed a partnership. The brother later sold his interest to Thomas Ballard, who, with the defendant, formed the partnership known as Mullin-Ballard. This partnership leased said horse farm to plaintiff, Mulchester Farms, Inc., of which said Thomas Bal-

lard is president and sole shareholder. Mulchester Farms, Inc. agreed that defendant Mullin could continue to live on the farm rent free, provided she continued to care for the horses. Thomas Ballard paid Mullin $100 per week until May 1988 when he told her to get another job to help raise money. She secured a part-time job and ceased caring for the horses in June and July 1988. Whereupon, the plaintiff, Mulchester Farms, Inc., filed a complaint for forcible entry and detainer against Mullin.

Legal title to the property in question is in the name of defendant Donna Mullin.

Procedurally, plaintiff filed the complaint for eviction on August 3, 1988. Defendant filed an answer and counterclaim for $32,631 and a jury request. The court bifurcated the case and ordered the eviction action heard in municipal court and the counterclaim transferred to common pleas court. On November 2, 1988, five days before the scheduled jury trial in this court, defendant filed a motion to transfer the entire case to common pleas court to be consolidated with the complaint defendant filed on November 2, 1988 in common pleas court for money judgment, accounting and quiet title. The jury trial was continued from November 7, 1988 to December 6, 1988. The jury returned a verdict, six to two, in favor of plaintiff. A writ of restitution was issued and the counterclaim was transferred to common pleas court.

Plaintiff filed a motion for sanctions for frivolous conduct predicated upon plaintiff's allegation that defendant had filed a spurious counterclaim exceeding the court's jurisdiction for purposes of delay and had filed a spurious motion to transfer five days before trial, causing another delay. Plaintiff argues that it was required to expend $953.25 for a deposition and

$2,730 for attorney fees as a result of defendant's actions.

Plaintiff and defendant both agree that there is legal authority on both sides of the issue as to whether a municipal court should retain or transfer an eviction case where a counterclaim exceeding the $10,000 jurisdiction of the court has been filed.

The frivolous conduct statute, R.C. 2323.51, enacted October 20, 1987, and amended January 5, 1988, defines "frivolous conduct" as conduct which serves to harass or maliciously injure another party, or which is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification or reversal of existing law. There are no reported cases under this statute; therefore, the court looks to plaintiff's brief and citations for guidance.

In *Brown* v. *Federation of State Medical Bds. of the United States* (C.A. 7, 1987), 830 F. 2d 1429, the court stated that in order to determine if an attorney made reasonable inquiry into the facts of the case the court should consider whether the signer (attorney) had sufficient time for investigation. In our case, an eviction action, the attorney only had a short time within which to file an answer, if any. In the *Brown* case the court noted that " 'judges should always seriously reflect upon the nuances of the particular case, and the implications the case has on the nature of the legal representation, before imposing sanctions.' * * *" *Id.* at 1440.

In the case at bar, a novel situation occurs. The legal owner of the property is being evicted from her own land.

This court is also aware that the acting judge continued the jury trial from November 7, 1988 to December 6, 1988 because he anticipated numerous witnesses and a lengthy trial, whereas the acting judge was sitting for one day only. Hence, defendant's motion to transfer was not the real cause of the delay from November 7, 1988 to December 6, 1988.

In *Briarwood* v. *Faber's Fabrics, Inc.* (1987), 163 Mich. App. 784, 415 N.W. 2d 310, the court, in holding that sanctions were appropriate, stated that defendants' counterclaim had no support in law or in fact and provided no good-faith argument for an extension of existing law. In the case at bar, defendant's counterclaim is still pending in the common pleas court to which it was transferred. Consequently, this court cannot say that it has no merit. If the allegations contained in the counterclaim can be proven, then such counterclaim may be meritorious.

In *Wm. Passalacqua Builders, Inc.* v. *Resnick Developers South, Inc.* (S.D. N.Y 1985), 611 F. Supp. 281, the court, in allowing sanctions, noted that defendant's motion to dismiss was nearly identical to its motion for reargument — no new issues were raised. In the case at bar, defendant's motion to transfer asked the court to reconsider its previous order bifurcating the case, keeping the eviction part and transferring the counterclaim. However, the motion also raised the new issue of a pending suit in common pleas court filed simultaneously with said motion to transfer.

In *Blake* v. *National Casualty Co.* (C.D. Cal. 1984), 607 F. Supp. 189, the court imposed sanctions when plaintiff refused to withdraw its motion after being shown a Ninth Circuit case which foreclosed its motion. In the case at bar, plaintiff cites *Konicek* v. *Elyria* (1987), 37 Ohio App. 3d 43, 523 N.E. 2d 516, for the same proposition. The *Konicek* case can be distinguished. In that case, the court of appeals held that where a municipal court acquires jurisdiction first, it cannot dismiss a replevin action on the basis that an identical replevin suit has subsequently been filed in the court of common

pleas. Here, we have an eviction action, and a counterclaim exceeding the municipal court's jurisdiction. There is no question that the municipal court has discretion to transfer the entire case to the court of common pleas, or, to bifurcate the case keeping the eviction action and transferring the counterclaim.

Finally, in *Woodfork* v. *Gavin* (N.D. Miss. 1985), 105 F.R.D. 100, the court stated that reasonable inquiry replaces good faith under Fed. R. Civ. P. 11.

Considering all these cases and reviewing what defendant did, this court concludes that defendant filed an answer, counterclaim and jury request. No answer is required in an eviction action so that caused no delay. The courts are open to everyone and defendant is entitled to file a counterclaim. The common pleas court has not decided defendant's counterclaim; hence, this court cannot prejudge the merits of the counterclaim. Any defendant is entitled to a jury trial in a forcible entry and detainer action. Hence, this court cannot rule as a matter of law that the filing of an answer, a counterclaim exceeding the court's jurisdiction, and a jury request constitutes frivolous conduct.

The court on its own motion bifurcated the case, ordering the forcible entry and detainer action kept in municipal court and ordering the counterclaim transferred to common pleas court. Hence, no delay was caused by defendant's filing a counterclaim exceeding the court's jurisdiction.

Finally, the case was set for jury trial commencing November 7, 1988 before an acting judge; and, defendant, on November 2, 1988, filed a complaint in the court of common pleas and a motion to transfer in the Elyria Municipal Court. The acting judge continued the jury trial to December 6, 1988, anticipating that the jury trial would extend beyond the period of time that he was serving as acting judge. Again, defendant's motion was not the primary cause of the delay. In the interim, plaintiff took defendant's deposition, which any plaintiff can and perhaps should do under ordinary discovery procedures. This court is unwilling to rule as a matter of law that it is frivolous conduct for defendant to pursue a jury trial after she admits in deposition most of the allegations in the complaint, especially in light of the six-to-two verdict, versus a unanimous verdict. Plaintiff could have filed a motion for summary judgment relying on defendant's deposition admissions.

In retrospect, this court is of the opinion that it might have served the interests of justice better if this court had transferred the entire case to the court of common pleas.

For all the foregoing reasons, this court hereby overrules plaintiff's motion for sanctions for frivolous conduct.

*Motion overruled.*