**CWP LIMITED PARTNERSHIP**

v.

**VITRANO et al.**

Court of Common Pleas of Ohio,
Cuyahoga County.

No. CV 290275.

Decided April 30, 1998.

38

*Goodman, Weiss, Miller & Goldfarb, Daniel D. Domozick* and *Matthew J. Morelli; Thompson, Hine & Flory* and *Daniel W. Hammer,* for plaintiff CWP Limited Partnership.

*Ted Chuparkoff* and *Michael Chuparkoff,* for defendants Samuel Vitrano, Jr. and Karen Vitrano.

THOMAS PATRICK CURRAN, Judge.

This matter comes to the court by way of defendants' document entitled:

"*MOTION FOR ATTORNEY FEES*
(O.R.C. Section 2323.51, Rule 11 of
the Ohio Rules of Civil procedure,
and the inherent authority of
the court)."

Pursuant to the above, a hearing was held on March 24, 1998, and testimony was taken, including expert testimony.

 In seeking an award of attorney fees, the defendants cite both Civ.R. 11 and the statutory scheme regarding compensation for frivolous conduct, R.C. 2323.51. It should be noted that although damages awarded pursuant to the Civ.R. 11 venue may go beyond attorney fees only, the statute relating to frivolous conduct is linked exclusively to an award of attorney fees. But, see, *Schwartz v. Gen. Acc. Ins. of Am.* (Hamilton Cty.1993), 91 Ohio App.3d 603, 632 N.E.2d 1379.

Civ.R. 11 states in part:

"Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record * * *. The signature of an attorney * * * constitutes a certificate by the attorney * * * that the attorney * * * has read the document; that to the best of the attorney's * * * knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document * * * is signed with intent to defeat the

purpose of this rule, it may be stricken as sham and false * * *. For a willful violation of this rule an attorney * * * upon motion of a party * * * may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule."

The language of Civ.R. 11, particularly the use of the word "may," invokes the court's discretionary power to impose sanctions against an attorney for willful violations of the rule. The court has wide latitude in this respect. *Harris v. Southwest Gen. Hosp.* (Cuyahoga Cty.1992), 84 Ohio App.3d 77, 616 N.E.2d 507; *McDonald v. Berry* (Cuyahoga Cty.1992), 84 Ohio App.3d 6, 616 N.E.2d 248; *Stevens v. Kiraly* (Wayne Cty.1985), 24 Ohio App.3d 211, 24 OBR 388, 494 N.E.2d 1160; *Sweeney v. Hunter* (Cuyahoga Cty.1991), 76 Ohio App.3d 159, 601 N.E.2d 166.

The essence of a Rule 11 violation is the filing of a false or sham document. On the other hand, the frivolous conduct statute places a more specific burden upon the moving party. Although this may be a distinction without a difference, it is appropriate to delineate this burden under R.C. 2323.51(A)(2). In order to establish frivolous conduct under R.C. 2323.51, the moving party must demonstrate that the actions of a party or his counsel lie within one of the following categories:

a. It obviously serves merely to harass or maliciously injure another party to the civil action;

b. It is not warranted under existing law and cannot be supported by a good faith agreement for an extension, modification, or reversal of existing law.

The language under the various subsections of R.C. 2323.51 engages the court's discretionary power to impose sanctions, *e.g.*, "the court may award reasonable attorneys' fees to any party to that action adversely affected by the frivolous conduct." See, also, *Hildreth v. Mims* (Cuyahoga Cty.1990), 70 Ohio App.3d 282, 590 N.E.2d 1353; *Sladoje v. Slettebak* (Franklin Cty.1988), 44 Ohio App.3d 206, 542 N.E.2d 701. The trial court is not required to conduct a hearing before denying a motion for sanctions under the specific language of R.C. 2323.51. However, a hearing must be held by the trial court before legal fees can be awarded under the statute.

## PROCEDURAL FACTS

The parties in this case are involved in three separate lawsuits in two different counties.

1. A complaint in Summit County Court of Common Pleas (CV 95 04 1547) was filed on April 26, 1995 (Summit County I). The Vitranos are the plaintiffs and CWP is the defendant in the case. The Vitranos seek rescission of a contract and cancellation of a cognovit note. The case remains pending.

2. A complaint in Cuyahoga County Court of Common Pleas (CV 290275) was filed on May 31, 1995. CWP is the plaintiff and the Vitranos are the defendants. CWP filed this case to obtain confession of judgment on a cognovit note. The procedural history is as follows:

- On June 26, 1995, the Vitranos filed a motion for relief from judgment, which was subsequently denied.
- On March 7, 1996, the Vitranos filed a motion to vacate judgment, which was subsequently granted.
- On September 3, 1996, this court *sua sponte* dismissed the action without prejudice for want of subject matter jurisdiction.
- On September 20, 1996, the Vitranos filed a motion for attorney fees. That motion was held in suspense.
- On October 10, 1996, CWP appealed this court's ruling of September 3, 1996.
- On May 27, 1997, the Eighth District Court of Appeals affirmed this court's order vacating the cognovit judgment and dismissing the lawsuit.
- On March 24, 1998, a hearing was held on the Vitranos' motion for attorney fees.

3. A complaint in the Summit County Court of Common Pleas (CV 97 01 0509) was filed on January 17, 1997 (Summit County II). This complaint raises issues collateral to Summit County I. The Vitranos are the plaintiffs and CWP is the defendant. (Counts three and four of this complaint are essentially identical to the pending motion for attorney fees in Cuyahoga County (CV 290275)).

- On January 8, 1998, Judge Bond dismissed this complaint except for count seven of the amended complaint, which is unrelated to the facts and issues in the Cuyahoga County case.

## DISCUSSION

 A motion for attorney fees under the statute must be decided solely upon the evidence presented at the hearing. *Pisanick–Miller v. Roulette Pontiac–Cadillac GMC, Inc.* (Lake Cty.1991), 62 Ohio App.3d 757, 577 N.E.2d 446. The court "should seriously reflect upon the nuances of the particular case, and the implications that the case has on the nature of legal representation." *Mulchester Farms, Inc. v. Mullin* (Elyria M.C.1989), 57 Ohio Misc.2d 34, 565 N.E.2d 1291.

█ This court has evaluated the candor and demeanor of the witnesses presenting evidence for CWP. Attorney Daniel Domozick testified as the attorney of record for CWP. Attorney Domozick's decision to pursue confession of judgment in the Cuyahoga County Court of Common Pleas (CV 290275) was a tactical maneuver to obtain the benefit of the bargain between the maker and payee of the cognovit note. Attorney Domozick's attempts to obtain confession of judgment in Cuyahoga County were not successful. This court finds that there was no deception by attorney Domozick. Attorney Domozick disclosed on the praecipe of the complaint in Cuyahoga County that a related case was pending in Summit County I. In addition, attorney Michael Honohan testified before the court as an expert witness regarding attorney Domozick's legal representation for his client CWP. Attorney Honohan reiterated that attorney Domozick's tactical maneuver to file a complaint in Cuyahoga County was intended to give effect to the cognovit note and to give the parties the benefit of the bargain. Therefore, under R.C. 2323.51(A)(2), attorney Domozick's conduct does not fall under either subsection (a) or (b). Attorney Domozick's decision to file a complaint in Cuyahoga County was a tactical maneuver that did not serve merely to harass or maliciously injure another party; nor was the action unauthorized under existing law or unsupported by a good faith argument thereof. Furthermore, under Civ.R. 11, attorney Domozick's decision to initiate litigation in Cuyahoga County presumptively was based on a belief that there were legal grounds to support the pleading.

█ On the issue of *res judicata,* this court finds that the Vitranos' collateral action filed in Summit County II may well be dispositive of the issues in this case. The definition of *res judicata* as taken from Black's Law Dictionary (4 Ed.1951) 1470, is a "[r]ule that final judgment or decree on [the] merits by [a] court of competent jurisdiction is conclusive of [the] rights of parties or their privies in all later suits on points and matters determined in former suit."

On January 8, 1998, Judge Bond of Summit County dismissed the Vitranos' collateral complaint in Summit County II. The collateral complaint raised the same issues as defendants' motion for attorney fees before this court.

█ Last, this court recognizes the complexity of the legal issues before it. This court originally declined to grant the Vitranos' motion for relief from judgment under Civ.R. 60(B). This court finds that attorney Domozick for CWP had colorable authority to proceed in filing a claim in Cuyahoga County. Attorney Domozick, in fact, acted with restraint and did not proceed to execute upon the confession of judgment until the Vitranos' first motion for relief from judgment was denied by this court. On March 7, 1996, this court granted the Vitranos' second motion to vacate the judgment. This court then dismissed the case *sua sponte* for lack of subject matter jurisdiction. Therefore, CWP had

reason to believe that its actions were reasonable when it sought execution on the judgment. In fact, the Eighth District Court of Appeals, in its formal opinion, determined that "there were reasonable grounds for this appeal." *CWP L.P. v. Vitrano* (May 27, 1997), Cuyahoga App. No. 71314, unreported, 1997 WL 253156. Attorneys should not be placed in peril simply because they are unsuccessful in attempting to fashion a legal remedy or because an appeal which they prosecute falls by the wayside.

▮ The type of conduct contemplated under Civ.R. 11 and R.C. 2323.51 for which sanctions would be appropriate would include actions described as:

deceitful
unethical
unprofessional
gratuitous
offensive
malicious
belittling
malevolent
unconscionable.

None of these adjectives is appropriate to describe the failed efforts of CWP or its attorneys to obtain a judgment against the Vitranos in Cuyahoga County. In fact, as this opinion is written, we do not know for sure even if the Vitranos will ultimately prevail in their pending suit for rescission in Summit County I. This is not an invitation to the Vitranos to resurrect the instant motion in the event rescission is declared in Summit County I. The decision herein is final. Such a state of affairs, in the discretion of this court, warrants deference and a discretionary denial of any special award.

For the above-stated reasons, the defendants' motion for attorney fees is denied.

IT IS SO ORDERED. FINAL.

*Motion denied.*