JOURNAL ENTRY AND OPINION
Defendant-appellants Virginia Goforth, The Estate of Gerald Goforth, and Darla J. Wetlich Rocha (collectively "appellants") appeal the judgment entry ordering them to complete a real estate transaction with plaintiff-appellee Le-Air Molded Plastics, Inc., dba Cobra Plastics, Inc. ("appellee").
The record reveals appellee and appellants entered into a stock purchase agreement on May 16, 1996. The main portion of the agreement concerned appellee's purchase of appellants' stock. However, the parties also agreed the corporation's real property would transfer to appellee. In furtherance of this transfer, the agreement provided the parties would have the real property appraised to determine its fair market value. The parties were never able to agree on a fair market value and their relationship deteriorated as a result.
On August 4, 1996, appellee filed a complaint against appellants for replevin, injunctive relief, specific performance, and money damages. Appellee complained appellants breached a noncompete covenant, failed to turn over mold parts and blue prints and failed to transfer title to the building and property located in Twinsburg, Ohio. On the same day, appellee also filed a motion for a temporary restraining order ("TRO") where it asked the trial court to order appellants to refrain from selling the remaining blue prints and mold parts in appellants' possession.
The TRO was granted by the trial court and subsequently an agreed judgment entry was entered where appellants agreed to refrain from selling any blue prints or molds and also agreed to turn over to appellee any remaining blue prints or molds in its possession.
On March 20, 1996, appellee filed a motion for partial summary judgment claiming it should be granted judgment on the eighth count in its complaint which referred to specific performance. Appellee argued Section 10.6 of the purchase agreement mandates that appellants are to sell to appellee the building and property within sixty (60) days of the signing of the purchase agreement. And since this was not done, it claimed appellants violated the express terms of the agreement. The trial court denied this motion and set the matter for trial.
On August 20, 1996, at the final pre-trial conference, the parties settled the case. Subsequently, the trial court issued a judgment entry stating the "case was settled and dismissed with prejudice, no record, with each party to bear their own costs and attorney fees." The trial court then listed the terms of the settlement which included: (1) appellants are to sell to appellee all the real estate and shares of stock to Le-Air, (2) all prior agreements between the parties are null and void except appellee shall be responsible for any remaining obligations of the escrow agent who is to be discharged, (3) all claims of any party to this litigation against any other party are released and fully satisfied and discharged except by those imposed by this agreement, and (4) appellants shall be responsible for any remaining employment or payroll taxes or penalties with respect to any transactions by LeAir prior to May 16, 1995.
Approximately three weeks later, on August 31, 1996, appellants filed a motion for relief from judgment. Appellants argued the judgment entry issued by the trial court, settling the case, was made without input from them and did not accurately reflect the terms of the actual settlement agreement. Specifically, appellants argue there was no intent to enforce the non-compete covenants and appellants did not agree to be liable for property taxes, assessments, employment taxes, or payroll taxes.
On November 1, 1996, appellants filed a notice of appeal. They appealed from the trial court's journal entry which memorialized the settlement terms of the lawsuit. On appeal, this court remanded the case back to the trial court for the limited purpose of ruling upon the Civ.R. 60(B) motion. On January 31, 1997, the trial court held a hearing on appellants' motion for relief from judgment. At the hearing the parties settled the case and placed the terms of the settlement on the record. The parties agreed the settlement constituted a court order. Subsequently, appellants' appeal was settled and dismissed.
Approximately a year later, on January 15, 1998, appellee filed a motion to show cause. Appellee maintained appellants should be held in contempt of court for not performing under the terms of the settlement agreement which pertained to transferring the real property from appellants to appellee. Specifically, appellee claimed it was supposed to tender to appellants $787,500.00 within ten days of the hearing in exchange for the warranty deed to the real property. Appellee argued it tendered the money but never received the warranty deed.
In response to the motion to show cause, appellants filed an Alternative Writ in Prohibition and Writ in Prohibition in this court. They argued the trial court was without jurisdiction to hear the matter as it had ordered the parties to bring a new action to settle future disputes. We denied the writ. See Stateex rel Goforth v. Villanueva (June 2, 1998), Cuyahoga App. No. 74083, unreported.
On March 13, 1998, the trial court held a hearing on appellee's motion to show cause and subsequently issued an opinion and journal entry. The trial court found at all times appellee was prepared to comply with the terms of the January 31, 1997, settlement agreement by having $787,500.00 available to tender. The trial court found further that the escrow agent, Chicago Title Insurance Company, scheduled an appointment with appellants' attorney in order to have the deeds delivered, but neither the appellants nor their attorney appeared for the meeting. The trial court stated appellants maintained they did not deliver the deeds because they believed appellee was never prepared to pay the $787,500.00. The trial court held this position was "patently without basis and the only explanation for the continued litigation in this case is Virginia Goforth's perplexing and recalcitrant refusal to abide by the terms of her in-court agreement." Accordingly, the court (1) found her in contempt. (2) ordered her to pay a $250 fine, (3) ordered her to transfer title to the property to appellee, (4) ordered her to pay delinquent property taxes of $8,915.02, (5) ordered her to pay appellee's attorney fees of $27,390 and any other fees or costs that resulted from her delinquent behavior, and (6) stated all monies Goforth owed were to be deducted from the principal amount of $787,500.00.
Appellants timely filed their notice of appeal from this order. On appeal, appellants present six assignments of error.
In their first assignment of error, appellants state as follows:
 WHETHER THE TRIAL COURT ERRED BY DECIDING THAT IT HAD JURISDICTION TO RULE ON A MOTION TO SHOW CAUSE WHEN THE COURT ORDERED AND THE PARTIES AGREED IN THEIR SETTLEMENT AGREEMENT THAT ANY FURTHER CLAIMS WOULD BE THE SUBJECT OF INDEPENDENT LEGAL ACTIONS.
Appellants argue the trial court did not retain jurisdiction over the instant case. Appellants contend the trial court specifically renounced jurisdiction, at the motion for relief from judgment hearing, when it stated on the record:
 "I want you all to agree that, should you have disputes about this matter, you won't bring it back to me. I'm serious. That if you have a dispute about any item that you have discussed and settled here today, that you filed independent lawsuits and not bring it back here.
* * *
 If you have causes of action, I suppose, you can file them but you file them not under this case. Should I be fortunate enough to be drawn as the judge to hear the matter, I will hear it or recuse myself, if someone feels I wouldn't be appropriate to handle it but that is why I raised the issue about dismissing claims and settling those forever.
* * *
 The settlement, then, that we were reaching here today applies to a dismissal of all claims, further dismissing all motions, further dismissing the Court of Appeals action, dismissing all claims the subject of this suit in this court and the Court of Appeals, as I indicated."
As a result, appellants claim the trial court should have dismissed appellee's motion to show cause.
A trial court possesses the authority to enforce a settlement agreement voluntarily entered into by the parties to a lawsuit.Mack v. Polson (1984), 14 Ohio St.3d 34. A trial court loses the authority to proceed in a matter when the court unconditionally dismisses an action as the court no longer retains jurisdiction to act. State, ex rel. Rice v. McGrath (1991), 62 Ohio St.3d 70. In contrast, when an action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the court retains the authority to enforce such an agreement in the event the condition does not occur. Tepper v. Heck (Dec. 10, 1992). Cuyahoga App. No. 61061, unreported.
Therefore the narrow question for review is whether the trial court dismissed the instant action conditionally or unconditionally. The determination of whether a dismissal is unconditional, thus depriving a court of jurisdiction to entertain a motion to enforce a settlement agreement, is dependent upon the terms of the dismissal order. Showcase Homes,Inc. v. The Ravenna Savings Bank (Feb. 19, 1998), Marion App. No. 9-96-71, unreported. In Berger v. Riddle (Aug. 18, 1994), Cuyahoga App. Nos. 66195, 66200, unreported, this court stated that "[w]hen an action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the court retains the authority to enforce such an agreement in the event the condition does not occur." Berger, at 5.
In the instant case, the parties entered into a settlement agreement. The agreement was stated on the record and it imposed on both appellee and appellants certain obligations. These obligations were not met, so appellee filed a motion to show cause as to why appellants had not complied with the terms of the settlement agreement. Based on these facts it is apparent the trial court's dismissal was conditional. Thus, the trial court retained jurisdiction to enforce the agreement. Appellants' first assignment of error is overruled.
Appellants' second assignment of error states as follows:
 WHETHER THE TRIAL COURT ERRED BY FINDING THE APPELLANT IN CONTEMPT OF COURT WHEN THE APPELLANT HAD ALREADY DELIVERED DEEDS TO THE APPELLEE IN CONJUNCTION WITH A SUBSEQUENT AGREEMENT THAT THE APPELLEE WOULD DISMISS A PENDING MOTION TO SHOW CAUSE IN EXCHANGE FOR THE SUBJECT DEEDS.
Appellants argues the trial court erred by finding Virginia Goforth in contempt of court when the property deeds had already been delivered to appellee. In support, appellants cite the testimony of their attorney James Csank who stated he delivered two deeds to the property at issue on January 20, 1998 or January 22, 1998. Csank testified further that consideration for delivery of the deeds was appellee's promise to dismiss the pending motion to show cause but even after he delivered the deeds appellee still proceeded with the motion.
Appellants counter-argue the deeds were delivered by appellants but appellants failed to pay one-half of the conveyance fee and the outstanding taxes for the building in question. As a result, appellee was under no obligation to dismiss the motion to show cause.
We begin our analysis with a consideration of R.C. 2705.02, which concerns contempt of court and specifically provides:
 "A person guilty of the following acts may be punished as for a contempt:
 "(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer."
A prima facie case of civil contempt is made by establishing a prior court order and evidence of nonpayment according to its terms. See Rossen v. Rossen (1964), 2 Ohio App.2d 381. The burden then shifts to the alleged contemnor to establish a defense for nonpayment. See id. at 384.
The issue of taxes arose, at the settlement proceedings, and appellants stated the property taxes had been paid through July 1996, when they received the last tax bill. This left tax arrearages accumulating from July 1996, to January 31, 1997. Appellants' attorney stated on the record, "[A]nd this agreement involves no proration of taxes to our client at any point hereafter." This means appellants were responsible for the taxes from July 1996, through January 31, 1997, but were not responsible for any taxes after January 31, 1997. However, this agreement as to the taxes was conditioned on Virginia Goforth delivering the deed to appellee. The deed was not delivered to appellee until almost a year later on January 20 or January 22, 1998. As a result, the accumulated taxes were chargeable to appellants and since appellants did not pay the taxes, appellee had no duty to dismiss its motion to show cause. Thus, the trial court was correct in refusing to dismiss appellee's motion to show cause. Appellants' second assignment of error is overruled.
Appellants' third assignment of error states as follows:
 WHETHER THE TRIAL COURT ERRED IN DENYING THE APPELLANT THE RIGHT TO PROCEDURAL DUE PROCESS UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
Appellants argue their constitutional right to due process was violated because their attorney was not informed of the date for closing arguments. Appellants claim the trial court stated it did not have time to conclude closing arguments so it would notify the parties of the date by April 6, 1998. However, this day came and passed with no indication from the trial court. Then on April 10, 1998, Good Friday, appellants' counsel was telephoned by the trial court and informed closing arguments were scheduled for that day. Appellants were not prepared for this date and an attorney different than trial counsel had to make closing arguments. Appellants claim they requested that no closing argument be set for Good Friday but despite this request, the trial court set arguments for this day and failed to give them prior notice of this date.
The record indicates the motion to show cause hearing began on March 13, 1998. At the conclusion of the day, the trial court discussed with counsel for both parties a date when the hearing could be continued. The trial court suggested March 27 and April 10, 1998, (Good Friday) but appellants' counsel objected to both days. Appellee's counsel said he was available either day. The next hearing was held on April 3, 1998. At the conclusion of the testimony that day, the trial court said it would inform counsel for both parties on April 6, 1998, as to the day of closing arguments. On April 8, 1998, the trial court issued a journal entry stating closing arguments were scheduled for April 10. 1998, Good Friday. Closing arguments were presented on April 10, 1998. The record shows appellants' regular counsel did not make a closing argument but rather the attorney who sat second chair. This attorney did not make any objections on April 10, 1998.
Due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution and Section 16, Article I, Ohio Constitution, requires that every party to an action be afforded "a reasonable opportunity to be heard after a reasonable notice of such hearing." Ohio Valley Radiology Assoc., Inc. v. OhioValley Hosp. Assn. (1986), 28 Ohio St.3d 118, 125. The issue of what constitutes reasonable notice is left for a case-by-case analysis. At the very least, where actual notice is not provided, constructive notice that comes from the court's setting down the trial date upon its docket may satisfy the dictates of due process. Id.; Weaver v. Colwell Financial Corp. (1992),73 Ohio App.3d 139.
"[A] court of record speaks only through its journal and not by oral pronouncement." Schenley v. Kauth (1953), 160 Ohio St. 109;Weaver, supra. It is also generally held that parties are expected to keep themselves informed of the progress of their case. See Weaver, supra, 73 Ohio App.3d at 144.
Here, appellants' counsel, while in discussion with the trial court regarding a closing argument date, objected to closing argument being held on April 10, 1998, Good Friday. The trial court, having forgotten this fact, issued a journal entry on April 8, 1998, stating closing argument was being held on April 10, 1998. This provided appellants' counsel two days in which to inform the trial court he was not available on April 10, 1998. Instead, an associate of appellants' counsel, appeared, did not make any objections, and presented a competent closing argument.
As stated above, counsel is supposed to remain informed as to the progress of a case. The April 8, 1998, journal entry gave counsel sufficient time and notice to inform the trial court that April 10, 1998, was not acceptable. Moreover, appellants do not demonstrate how they were prejudiced by second chair counsel giving the closing argument. A review of appellants' closing argument indicates it was competently done. As a result, we find appellants received proper notice and their due process rights were not violated. Accordingly, appellants' third assignment of error is overruled.
Appellants' fourth assignment of error states as follows:
 WHETHER THE TRIAL COURT ERRED IN RULING ON A PENDING ACTION IN ANOTHER TRIAL COURT.
Appellants argue the trial court erred in dismissing an action it filed in Cuyahoga County, Court of Common Pleas, titledVirginia Goforth, et al. v. Le-Air Molded Plastics, Inc., etal., No. 349237. Appellants claim the trial court does not have the jurisdiction to dismiss a case from another court's docket.
Appellee claim a second action may be dismissed where the action is between the same parties, involves the same subject matter, seeks the same relief. Konicek v. City of Elyria (1987),37 Ohio App.3d 43.
Konicek involved a municipal court dismissing a replevin action on the basis that another, subsequently filed action between the same parties, involving the same subject matter, and seeking the same relief, was pending in the court of common pleas. On appeal, the court held the municipal court erred in dismissing the replevin action because there were no circumstances establishing the second action involved a constitutional question or more fully embraced the first action. Moreover, in Konicek, the municipal court dismissed replevin action, the first action, in favor of the second action.
The present case is easily distinguished from Konicek. Here, the trial court dismissed the second action, not the first action as in Konicek. Plus, in Konicek the court discussed the dismissal of the second action but only where a motion to dismiss was filed in the second action. Based on this holding, a second action can be dismissed when a party files a motion to dismiss in that action. Moreover, we find no authority which allows a trial court to dismiss a pending action from the docket of a trial court within the same jurisdiction.
As a result, we find the trial court erred in dismissing appellants' pending second action which was on another trial court's docket. Accordingly, appellants' fourth assignment of error is sustained.
Appellants' fifth assignment of error states as follows:
 WHETHER THE TRIAL COURT ERRED IN RULING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellants argue the trial court ignored much of the evidence and determined the outcome of the matter before all the evidence was presented.
The standard of review for manifest weight of the evidence was set forth in the syllabus of C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279. The Ohio Supreme Court held that judgments supported by some competent, credible evidence "going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co.,54 Ohio St.2d at 280.
First, appellants complain the trial court ruled prematurely. Appellants contend the trial court heard the testimony of Virginia Goforth and Michael Schoenwald, and made several findings at the conclusion of their testimony. Consequently, the trial court ruled on the merits of the case before they had the opportunity to present their case.
Second, appellants argue the trial court failed to consider the testimony of Virginia Goforth and James Csank. Appellants claim the testimony of Csank shows a settlement agreement was made and they complied with this agreement.
The parties' agreement was placed on the record at the January 31, 1997, settlement proceedings. Essentially, appellee agreed to pay to appellants $787,500 in exchange for a warranty deed conveying the property at issue. The exchange was to be consummated within 10 days following the settlement proceeding. At the motion to show cause hearing, Virginia Goforth testified she did not prepare the deed within the entire year of 1997. She stated she was asked to come down to Chicago Title, the escrow agent, to deliver the deed but she never went. Goforth said she did not deliver the deed because there were expenses deducted from the $787,500 which she did not agree to. However, there was no evidence to support this statement. Defendant-appellants' Exhibit A, a Chicago Title Seller's Statement, indicates there were charges totaling $13,367.63 deducted from the net amount of $787,500, but this exhibit is dated January 17, 1997, which is two weeks prior to the settlement proceedings. Therefore, it does not affect the subsequent settlement.
Next, a commercial title attorney from Chicago Title, Schoenwald, testified he was prepared to give Goforth a check for $787,500 in January 1997, but she never delivered the deed to him. He testified the amount he was prepared to pay Goforth on February 13, 1998, was $773,970.56 and the reason this amount was not the full $787,500 was because delinquent taxes had accumulated since January, 17, 1997. Schoenewald stated the only reason the deal was not completed was because Goforth did not deliver the deed.
At the conclusion of Goforth and Schoenwald's testimony the trial court stated the following:
 I will say this, based on the testimony of this witness, that he was prepared to transfer a check in the amount of $787,500 dollars to counsel for Virginia Goforth, in February of 1997, in exchange for the deeds, that on liability; I'm going to rule for the plaintiff in this case. * * * Well, on the question of — well, that may be an incorrect term. But on the issue of the responsibility for this transaction not going forward. Based on what I have heard on the record, I'm going to rule for Cobra; Le Air Molded Plastics, Inc. And I think the evidence is clear that the money was available, and would have been given to your client, Mr. Kacenjar in February of 1997. She would have gotten her net amount at that time.
Our review of the record indicates there was competent, credible evidence in support of the trial court's judgment. The testimony of Schoenewald showed that appellee had the $787,500 available to transfer to appellants but appellants failed to transfer the deed to the property. Appellants claimed they did not deliver the deed because there were expenses deducted from the total amount. However, these deductions were the result of tax arrearages which accumulated because of appellants' failure to deliver the deed in a timely manner. In addition, Goforth and Csank's testimony did not mitigate appellants' failure to deliver the deed. Goforth never gave a plausible reason why she or her attorney did not go to the meeting that was set up to exchange the deed for the money. As to Csank, he testified the deed was delivered but that was almost a year later, in January, 1998, and was done only to avoid the motion to show cause. Accordingly, the trial court's judgment was not against the manifest weight of the evidence and appellants' fifth assignment of error is overruled.
Appellants' sixth assignment of error states as follows:
 WHETHER THE TRIAL COURT ERRED IN FAILING TO DISMISS THE MATTER AS MOOT.
Appellants argue the trial court erred in failing to dismiss the motion to show cause as moot. Appellants claim appellee's motion to show cause was premised on the failure to deliver the deeds. And pursuant to an agreement between the parties, once the deeds were delivered the motion to show cause was supposed to be dismissed.
The testimony shows there was an agreement that once the deeds were delivered the motion to show cause was to be dismissed. As part of this agreement, appellee alleges the parties also agreed to each pay one-half of the taxes in arrearage and one half of the conveyance fee. There is no evidence which supports appellee's argument that appellants agreed to pay one-half the conveyance fee and, in fact, this would contravene the original settlement agreement where all real estate transaction fees were to be paid by appellee. Regarding the taxes, the testimony of James Csank, attorney for appellants, indicates the deal was all set to progress except for a number of costs and expenses; i.e.,
real estate transaction costs. Csank stated he had a problem with all the costs and expenses but did not have a problem with payment of the taxes. This testimony implies payment of the taxes was already negotiated into the deal. However, since the taxes were not paid, the issue as to which party failed to pay the their share of the taxes arose.
As a result there was still an issue pending related to the motion to show cause; i.e.; whether appellants failed to pay their share of the taxes. Thus, appellants' argument that simply delivering the deeds fulfilled their obligation under the agreement to close the deal is without merit. Since there was still a viable issue related to the motion to show cause, the trial court did not err in failing to dismiss the motion to show cause as moot. Accordingly, appellants' sixth assignment of error is overruled.
Lastly, appellants request they be awarded attorney fees for the prosecution of this appeal and for the defense of the motion to show cause. In support, appellants claim the motion to show cause proceeded without the jurisdiction of the trial court, it was frivolous, and the trial court ordered the parties to bring any future disputes in separate proceedings.
Previously, we found the trial court retained jurisdiction to hear the instant case and there were grounds for the motion to show cause. Consequently, we deny appellants' request for attorney fees and order each party to pay its own costs of this appeal.
Judgment vacated as to the fourth assignment of error; but otherwise affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________________ JOHN T. PATTON, P. J.
 JAMES D. SWEENEY. J. and JAMES M. PORTER, J., CONCUR.