DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Huron Municipal Court, which granted a judgment for child support overpayments and awarded interest from November 3, 1997, to appellee, Lawrence DuFresne. For the reasons stated herein, this court vacates the judgment of the trial court.
The following facts are relevant to this appeal. In March 1998, the parties who were previously divorced, agreed to a reallocation of parental rights and responsibilities for their three minor children to appellee, effective September 4, 1997. Appellant, Joni DuFresne, was ordered to pay child support to appellee and appellee's prior child support obligation was discontinued effective September 4, 1997. Although an order was entered to discontinue payroll deductions from appellee's salary, the deductions were continued until November 3, 1997.
In March 1998, a hearing was held before a magistrate in regard to appellant's payment of accrued arrearages and overpayments to appellee. In a magistrate's decision dated March 31, 1998, the magistrate concluded that appellant did not have the present ability to pay anything additional on the arrearage or overpayment due to her unemployment; the magistrate noted that appellant's testimony was that her job prospects as an apprentice plumber and pipefitter were not good because new construction was "down." The magistrate concluded that when appellant became employed, "her circumstances may be different so that she can afford to pay her current order and pay the arrearage." The trial court approved the magistrate's decision. No judgment was entered as to the amount of overpayment or when appellant would repay the overpayment.
On February 22, 2000, appellee filed a complaint in municipal court seeking recovery of the overpayments. At a hearing on March 15, 2000, appellee asserted that the overpayments began in August 1997 and continued for eight pay periods. Appellant presented an audit from the child support agency which indicated that five overpayments had been made. Appellant testified that she believed that the child support agency had included repayment of the overpayments in her arrearage payments. On March 31, 2000, the trial court entered a judgment entry awarding appellee payment of five overpayments with interest from November 1997. Appellant filed a timely notice of appeal. Appellee has not filed a brief in this matter.
Although in her assignment of error appellant asserts error in the municipal court's award, this court sua sponte determines that the municipal court lacked subject matter jurisdiction and vacates on that ground.[1] A lack of subject matter jurisdiction may be raised for the first time on appeal or it may be raised sua sponte by the court at any stage of the proceedings. Fox v. Eaton Corp. (1976), 48 Ohio St.2d 236,238. This court concludes that the municipal court lacked subject matter jurisdiction because of the jurisdictional priority rule.
Given the status of the case sub judice, concurrent jurisdiction existed.[2] In regard to the jurisdictional priority rule, in State exrel. Racing Guild of Ohio v. Morgan (1985), 17 Ohio St.3d 54, 56, the Ohio Supreme Court noted:
 "As between courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties."
See, also, State ex rel. Phillips v. Polcar (1977), 50 Ohio St.2d 279, syllabus. A condition of the operation of the state jurisdictional priority rule is that the claims or causes of action be the same in both cases. Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm. (1995),74 Ohio St.3d 120, 123. If a second case does not involve the same cause of action or the same parties, the first suit will normally not prevent the second case. Id. See, also, State ex rel. Red Head Brass, Inc. v.Holmes Cty. Court of Common Pleas (1997), 80 Ohio St.3d 149. The Ohio Supreme Court held in John Weenink Sons Co. v. Court of Common Pleas ofCuyahoga Cty. (1948), 150 Ohio St. 349, paragraph three of the syllabus:
 "When a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction is at liberty to interfere with its proceedings."
See, also, Konicek v. Elyria (1987), 37 Ohio App.3d 43. The jurisdictional priority rule applies in divorce actions. State, ex rel.Largent v. Fisher (1989), 43 Ohio St.3d 160, 162.
In the case sub judice, appellee first filed a motion for recovery of the overpayments from appellant in the domestic relations division in 1998. In February 2000, appellee filed his complaint seeking the same recovery of overpayments from appellant in municipal court. Because appellee asserted the same claim against the same party in both cases, the power of the domestic relations division was first invoked when appellee filed his motion before it. Therefore, the jurisdictional priority rule applies and the domestic relations court acquired jurisdiction to the exclusion of all other courts "until the matter is completely and finally disposed of." John Weenink Sons Co. v. Court ofCommon Pleas of Cuyahoga Cty., 150 Ohio St. 349, paragraph three of the syllabus. Furthermore, although a municipal court is empowered[3] to enforce a judgment order of a domestic relations court, no judgment entry had been entered in the case sub judice.
Accordingly, appellant's single assignment of error is found well-taken to the extent that the municipal court should not have exercised jurisdiction in this matter.
In Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus, the Supreme Court of Ohio held: "A judgment rendered by a court lacking subject matter jurisdiction is void ab initio." Further, this court possesses inherent power to vacate a void judgment. Id. at 70. The judgment of the Huron Municipal Court is void ab initio and is hereby vacated. Appellee is ordered to pay the court costs of this appeal.
 JUDGMENT VACATED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Peter M. Handwork, J.,
JUDGE
Richard W. Knepper, P.J., Mark L. Pietrykowski, J., CONCUR.
[1] Appellant submitted additional authority on the day of oral argument which raised the issue of subject matter jurisdiction. However, in that case, Recker v. Hohenbrink (Sept. 29, 1998), Putnam App. No. 12-97-11, unreported, the basis for the appellate court's determination that the municipal court lacked subject matter jurisdiction was:
 "* * * this case involves the interpretation of a divorce decree rather than the mere application of a provision in the decree to determine the amount of money due. Under Ohio law, the common pleas court is vested with the jurisdiction to hear and determine all domestic relations matters, including matters relating to divorce and child support. R.C. 3105.011; See Chapters 3105, 3109. We note that actions to recover unpaid child support are specifically directed to the court of common pleas in R.C. 3113.210. (Footnote omitted) This is in accord with the law that the common pleas court retains continuing and exclusive jurisdiction in matters relating to custody, care and support of minor children. (Citations omitted.) Clearly, the Court of Common Pleas of Putnam County which issued the divorce decree in this case is the court in the best position to hear any disputes regarding the language in the decree and to clarify any confusion over the interpretation of a particular clause relating to insurance coverage of the parties' minor children. (Citation omitted.) * * *"
However, this court finds that the jurisdictional priority rule is a more appropriate ground for finding lack of subject matter jurisdiction in this case.
[2] Once a divorce has been fully litigated and a judgment entry has been filed granting a divorce and providing for the division of property, the exclusive jurisdiction of the domestic relations division is terminated. The domestic relations division and the general division then have concurrent jurisdiction. Price v. Price (1984),16 Ohio App.3d 93.
[3] R.C. 1901.18, Jurisdiction of subject matter provides, in part:
 "(A) Except as otherwise provided in this division or section 1901.181 of the Revised Code, * * * a municipal court has original jurisdiction within its territory in all the following actions or proceedings and to perform all of the following functions:
"* * *
 "(2) In any action or proceeding at law for the recovery of money or personal property of which the court of common pleas has jurisdiction;
"* * *
 "(5) In any action or proceeding to enforce the collection of its own judgments or the judgments rendered by any court within the territory to which the municipal court has succeeded, and to subject the interest of a judgment debtor in personal property to satisfy judgments enforceable by the municipal court * * *."