JOURNAL ENTRY and OPINION
{¶ 1} Appellant Catherine Brady appeals the trial court's dismissal of her complaint and action for declaratory judgment. On appeal, she assigns the following error for our review:
 {¶ 2} "I. The trial court prejudicially erred by dismissing the complaint and action for declaratory judgment on oral motion on grounds of no jurisdiction before addressing the merits of the case as required under R.C. 2721.03."
 {¶ 3} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 4} The record before us reveals appellant Catherine Brady is the daughter of Nora Brady. On May 17, 2000, the Probate Court of Cuyahoga County declared Nora Brady incompetent. The court appointed her son, Edward Brady, as guardian of the person. On January 17, 2002, the court appointed appellee John McCaffrey the guardian of Nora Brady's estate.
 {¶ 5} On August 8, 2002, Catherine Brady, who had been living in Nora Brady's house, entered into a rental agreement with the estate. The agreement provided that Catherine Brady pay rent in the amount of $400 per month, along with property tax, homeowners insurance, and payment of utilities.
 {¶ 6} On October 3, 2002, McCaffrey brought a complaint for land sale in guardianship in the Probate Court of Cuyahoga County. In the complaint, McCaffrey alleged that since April 20, 2000, Nora Brady had not resided in her home located at 3699 Rocky River Drive, in Cleveland, Ohio. Instead, due to mental illness and deficiency, Nora Brady at various times, resided with one or more of her children. The complaint further alleged that the aforementioned real estate is suffering waste, and should be sold for the benefit of Nora. Finally, McCaffrey alleged the property was worth approximately $150,000.
 {¶ 7} On August 4, 2003, the Probate Court of Cuyahoga County ordered the home sold. Thereafter, Catherine Brady mounted three separate appeals challenging the court's order. However, on December 23, 2003, a settlement agreement between Catherine Brady and McCaffrey to purchase the property was brokered by this court's conference attorney. Paragraph 4 of the settlement agreement provided as follows:
"The Guardian and Ms. Brady agree that Ms. Brady and/or any otherfamily member may submit a reasonable offer to purchase the former homeof Nora T. Brady, presently occupied by Ms. Brady. The Guardian willpropose such reasonable offer to the Probate Court for its consideration.Ms. Brady acknowledges that any such offer should be submitted promptlyand should include an express representation as to financing for theproposed purchase."
 {¶ 8} On January 15, 2004, Catherine Brady submitted an offer to McCaffrey wherein she proposed to purchase the subject property for $80,000, with a $20,000 gift of equity to be applied as a 20% down payment. Along with the offer, Catherine Brady submitted an express representation as to financing for the proposed purchase from Countrywide Home Loans. McCaffrey refused the offer as unreasonable, because the house had been appraised for as much as $154,000.
 {¶ 9} On May 6, 2004, McCaffrey notified Catherine Brady she had thirty days to vacate Nora Brady's home. Subsequently, McCaffrey filed complaints for forcible entry and detainer, past rent and for money damages in the Cleveland Municipal Court, Housing Division. Catherine Brady responded by filing a complaint and action for declaratory judgment, along with a temporary restraining order in Cuyahoga County Court of Common Pleas, General Division.
 {¶ 10} On May 19, 2004, the trial court held a hearing on the motions. At the hearing, the trial court determined that the motion for temporary restraining order and the complaint and action for declaratory judgment be denied for lack of jurisdiction. The trial court's journal entry stated:
"Plaintiff's complaint is derived from pending cases in the ProbateCourt and Court of Appeals. This Court finds these claims must beaddressed in the proper court. This Court lacks jurisdiction over thepending matter. At the hearing defendant made an oral motion to dismiss.Motion to dismiss granted."
 {¶ 11} Thereafter, Catherine Brady filed motions for reconsideration of the trial court's dismissal. However, the trial court denied them as moot. Catherine Brady now appeals.
 {¶ 12} In her sole assigned error, Catherine Brady argues the trial court erred in dismissing her complaint and action for declaratory judgment on the grounds of lack of jurisdiction. We disagree.
 {¶ 13} The standard of review when a complaint is dismissed under Civ.R. 12(B) (1) is whether the plaintiff has alleged any cause of action cognizable in the forum.[1]
 {¶ 14} At the hearing, Catherine Brady, whom the record reveals is a practicing attorney, essentially admitted her cause of action was not properly before the court. The following exchange took place:
"Ms. Brady: Mr. McCaffrey plans on listing and selling my mother'shouse per court order from the Probate Court, and I have some issuesconcerning that process, including my notice of eviction that I receivedthis month.
 The Court: But the proper place to appeal the Probate Court would bethe Court of Appeals. It wouldn't be the — we are equal to the ProbateCourt.
 Ms. Brady: Correct.
 The Court: I sit in the same position as one of the judges from theProbate Court. They are also of the Common Pleas Court.
 Ms. Brady: Correct.
 The Court: So the proper place to appeal a decision by the ProbateCourt would be the Eighth District. It wouldn't be to appeal to me."[2]
 {¶ 15} With regard to the substantive law, it is well established that the pendency of a prior action between the same parties and involving the same subject matter in another court of concurrent jurisdiction requires dismissal of the second lawsuit.[3] Conversely, if the second action does not concern the same subject matter, seek the same relief, or involve the same parties as the first action, then the second action must proceed.[4]
 {¶ 16} The general rule for the resolution of a conflict between two courts over the same cause is that the tribunal whose power is invoked first acquires jurisdiction.[5] The jurisdictional priority rule provides that:
"[A]s between [state] courts of concurrent jurisdiction, the tribunalwhose power is first invoked by the institution of proper proceedingsacquires jurisdiction, to the exclusion of all other tribunals, toadjudicate upon the whole issue and to settle the rights of theparties."[6]
 {¶ 17} Generally, it is a condition of the operation of the state jurisdictional priority rule that the claims or causes of action be the same in both cases.[7] Therefore, if the second case does not involve the same cause of action or the same parties, the first suit will normally not prevent the second case.[8]
 {¶ 18} Further, the Ohio Supreme Court has held that as between courts of concurrent jurisdiction, the court whose power is first invoked by proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.[9] Once a court acquires jurisdiction over a cause, its authority continues until the matter is completely and finally disposed of, and no court of concurrent jurisdiction is at liberty to interfere with its proceedings.[10] In the instant case, the Probate Court of Cuyahoga County obtained jurisdiction over Nora Brady when she was declared incompetent. Its jurisdiction continued by virtue of the pending matters before it.
 {¶ 19} The Probate Court ordered Nora Brady's house sold. An agreement was reached whereby Catherine Brady, or any of her siblings could purchase the house upon submission of a reasonable offer. The house was appraised for as much as $154,000. However, Catherine Brady offered to purchase the house for $80,000, an offer which McCaffrey deemed unreasonable and which he therefore refused to submit to the Probate Court. Catherine Brady's proper course of action was to return to the Probate Court.
 {¶ 20} Therefore, we conclude upon a review of the record before us that the trial court did not err when it granted McCaffrey's motion to dismiss the within action and found that jurisdiction lies with the Probate Court of Cuyahoga County. Accordingly, we overrule Catherine Brady's sole assigned error.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, J., Concur.
 Dyke, J., Concurs in judgment only.
[1] State ex rel Bush v. Spurlock (1989), 42 Ohio St.3d 77; City ofCleveland v. Cleveland Elec. Illuminating (1996), 115 Ohio App.3d 1.
[2] Tr. at 3-4.
[3] Konicek et al. v. Elyria (1987), 37 Ohio App.3d 43; Devito, etal. v. University Hospitals et al., (February 20, 1992), Cuyahoga App. No. 62626.
[4] State ex rel Maxwell v. Schneider (1921), 103 Ohio St. 492,Konicek, supra, 44.
[5] State ex rel Phillips v. Polcar (1977), 50 Ohio St.2d 279 at the syllabus.
[6] State ex rel Racing Guild of Ohio v. Morgan (1985), 17 Ohio St.3d 54,56, quoting State ex rel Phillips v. Polcar (1977), 50 Ohio St.2d 279, syllabus.
[7] Whitehall ex rel Wolfe v. Ohio Civ. Rights Comm. (1995),74 Ohio St.3d 120, 123, quoting State ex rel Sellers v. Gerken (1995),72 Ohio St.3d 115, 117.
[8] Id.; State ex rel Judson v. Spahr (1987) 33 Ohio St.3d 111, 113;State ex rel Red Head Brass, Inc. v. Holmes County Court of Common Pleaset al. (1997), 80 Ohio St.3d 149, 151.
[9] Knowlton Co. v. Knowlton (1992), 63 Ohio St.3d 677.
[10] John Weenink Sons Co. v. Court of Common Pleas of CuyahogaCty. (1948), 150 Ohio St. 349; Huntington Mortgage Co. v. Shanker
(1993), 92 Ohio App.3d 144.